IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| DONNA ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CV-05055-BCW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Before the Court are Plaintiff Donna Atkinson's brief seeking judicial review of the Commissioner's decision denying her applications for disability insurance benefits (Doc. #7) and the Commissioner's brief in support of the Commissioner's decision (Doc. #9). The Court heard oral argument on April 12, 2016. After reviewing the arguments, the record, and the applicable law, the Court remands this case for consideration of Atkinson's limitations in concentration, persistence, and pace.

## I.     BACKGROUND

Atkinson applied for disability insurance benefits. Her applications were denied initially and upon reconsideration. Atkinson filed a request for a hearing before an Administrative Law Judge ("ALJ"), which took place on July 11, 2013. The ALJ issued her decision finding Atkinson not disabled on September 27, 2013. The ALJ determined that Atkinson had the residual functional capacity ("RFC") to perform light work except that she can frequently climb, balance, stoop, kneel, crouch, and crawl. She is limited to occasional fingering and can perform simple, unskilled work. She can have no frequent public contact and should avoid concentrated exposure to pulmonary irritants and extreme temperatures. Based on this RFC and the testimony

- 1 -

of a Vocational Expert ("VE"), the ALJ found that Atkinson could perform work as a folding machine operator, cafeteria attendant, and routing clerk.

On April 2, 2015, the Social Security Administration's Appeals Council denied Atkinson's request for review, and Atkinson subsequently filed this lawsuit on June 3, 2015. In her brief, Atkinson contends the ALJ's RFC is unsupported for two reasons: (1) the ALJ found Atkinson had moderate limitations in concentration, persistence, and pace but the RFC did not include any limitation in pace, and (2) the ALJ relied on an outdated opinion when assessing Atkinson's physical limitations. The Commissioner responded to these arguments, and the Court heard oral argument.

## II.    LEGAL STANDARD

In reviewing the Commissioner's decision, a court must determine whether the Commissioner's decision is "supported by substantial evidence on the record as a whole." Andrews v. Colvin, 791 F.3d 923, 928 (8th Cir. 2015). "Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." Id.

## III.    ANALYSIS

In her first argument, Atkinson contends that the ALJ's RFC failed to account for her moderate limitations in maintaining pace. In her Step 2 and Step 3 analysis, the ALJ found:

> With regard to concentration, persistence, or pace, [Atkinson] has moderate difficulties. [Atkinson] testified that she needs reminders to do things such as to take her medication. She functions intellectually within the borderline range. [Atkinson] does better with written instructions rather than oral instructions. Due to symptoms associated with her mental impairments, [Atkinson] is moderately limited in her ability to concentrate, be persistent, and pace.

Doc. #5-3 at 17 (emphasis added). Atkinson contends that despite the ALJ's finding of moderate limitations in concentration, persistence, and pace, the ALJ limited Atkinson's RFC to "simple, unskilled work." Atkinson argues that "[t]he ALJ's limitation to simple, unskilled work did not include any limitation on pace despite the ALJ indicating that such a limitation was supported by the record." Doc. #7 at 9.

At Step 3 of the sequential evaluation process, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and listings 12.00 et seq., pertaining to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Among other things, the listing includes paragraph B criteria, which consists of a set of impairment-related functional limitations. Id. at § 12.00(A).

Paragraph B criteria consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. Id. at 12.00(C). Pertinent to the issues in the present case, the functional area of "'[c]oncentration, persistence, or pace' refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." Id. at § 12.00(C)(3).

Here, remand is required because the ALJ's RFC assessment did not include any mental limitations other than simple, unskilled work, despite the fact that, at Step 3, the ALJ determined that Atkinson had moderate difficulties in maintaining concentration, persistence, and pace. At a minimum, the ALJ's RFC fails to account for Atkinson's limitations in pace or to explain why Atkinson's moderate limitations in pace did not translate into a limitation in Atkinson's RFC. Absent a corresponding limitation or an explanation, remand is required.

The Commissioner argues that "[t]he ALJ refers to the legal standard—including 'or'—in her analysis, but later uses the conjunctive 'and,' and [Atkinson] makes much of this probable mistake." Doc. #9 at 13. The Commissioner additionally argues that other substantial evidence in the record supports the RFC. It is possible that the ALJ did make a mistake, but words have consequences and, here, the ALJ expressly used the word "and" in her finding of moderate limitation. See Brachtel v. Apfel, 132 F.3d 417, 421 (8th Cir. 1997) (explaining that the classification is written in the disjunctive, which suggests that the ALJ is "not necessarily making a finding that the claimant has all three of these impairments"). Given her Step 3 finding, the other record evidence (including the opinion of Dr. McDermid), and the specific facts and circumstances of this case, the Court finds that remand is required so that the ALJ can adequately address Atkinson's moderate limitations in pace or provide a legally sufficient explanation for not including a pace limitation. Because Atkinson's first argument necessitates remand, the Court declines consideration of Atkinson's second argument. Accordingly, it is hereby

ORDERED the Commissioner's decision is reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

IT IS SO ORDERED.


DATE: April 15, 2016


/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT